b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JESSICA E. STEWART, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:19-CV-01343 |
| VERSUS | JUDGE DRELL |
| CITIY OF LECOMPTE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are a Motion to Dismiss filed by Defendant Town of Lecompte ("Lecompte") (ECF No. 14), a Motion to Dismiss filed by Defendants Antony Clayton ("Clayton") and Ross Ducote ("Ducote") (ECF No. 39), and a Motion to Amend filed by Plaintiffs (ECF No. 43). Because punitive damages are not recoverable against a municipality under 42 U.S.C. § 1983 or Louisiana state law, Lecompte's Motion to Dismiss (ECF No. 14) should be GRANTED as to punitive damages. Because the doctrine of *respondeat superior* is not available in § 1983 suits but is available under Louisiana state law, Lecompte's Motion to Dismiss (ECF No. 14) should be GRANTED IN PART AND DENIED IN PART.

I. **Background.**

Plaintiffs Jessica E. Stewart ("Stewart") and Mary P. McDaniel ("McDaniel") filed this civil rights action pursuant to 28 U.S.C. § 1983 and Louisiana state law, *in forma pauperis,* for false arrest, false imprisonment, and improper seizure of

property.  ECF Nos. 1 & 33.[1]  The named Defendants are Lecompte, Ducote, and Clayton.  Ducote and Clayton are employed by the Lecompte Police Department and are named in both their individual and official capacities.  Plaintiffs seek monetary damages, costs, and attorney's fees.

Defendant Lecompte filed a Motion to Dismiss Plaintiffs' claims for punitive damages, *respondeat superior*, and conspiracy, pursuant to Fed. R. Civ. P. 12(b)(6).[2] ECF Nos. 14, 20.  Plaintiffs oppose that motion.  ECF No. 19.

Lecompte answered the Complaint.  ECF No. 38.

## II.  Law and Analysis.

### A.  Standards governing the Motion to Dismiss pursuant to 12(b)(6).

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Plaintiffs filed an Amended Complaint to replace Defendants Officers John Does #1 and #2 with Clayton and Ducote.  ECF No. 33.

[2] A hearing was held on this and other pending motions on July 21, 2020.  ECF Nos. 49, 50.

*Ashcroft,* 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

### B. Lecompte's Motion to Dismiss (ECF No. 14) should be granted in part and denied in part.

#### 1. Plaintiff's claims for punitive damages against Lecompte should be dismissed.

Lecompte argues that Plaintiffs may not recover punitive damages against a municipality under § 1983.[3]

Punitive damages may not be awarded against a municipality pursuant to § 1983 because Congress has not specifically provided for them. *See Skyy v. City of Arlington*, 712 Fed. Appx. 396, 401 (5th Cir. 2014), *cert. den.,* 138 S. Ct. 1557 (U.S. 2018) (*citing City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259-71 (1981)); *Fontenot v. City of Ville Platte*, 2008 WL 1957827, *1 (W.D. La. 2008). Accordingly, Plaintiffs' § 1983 claim for punitive damages against Lecompte should be dismissed.

Plaintiffs have also sued Lecompte under Louisiana state law. Under Louisiana law, a plaintiff has no cause of action for punitive damages except where authorized by statute. *See Edmonds v. Boh Bros. Construction Co.,* 522 So.2d 1166, 1167 (La. App. 4th Cir.1988); *see also Williams v. State Through Dep't of Wildlife & Fisheries*, 95-2456 (La. App. 1 Cir. 11/20/96), 684 So.2d 1018, 1022, *writ den.,* 96-3069 (La. 3/7/97), 689 So.2d 1372. Punitive damages are not recoverable under

---

[3] Although not argued by Defendant, it is noted that, in their Amended Complaint (ECF No. 33 at ¶ 3(C)), Plaintiffs removed their request for punitive damages.

Louisiana law for false arrest or false imprisonment. *See Barnes v. McQueen*, 2016 WL 866710, at *16 (E.D. La. 2016); *Hoffpauir v. Columbia Cas. Co.*, 2013 WL 5934699, at *14 (M.D. La. 2013); *Harvey v. City of Rayne*, 2008 WL 5061805, at *2 (W.D. La. 2008).

Accordingly, Plaintiffs' state law claim for punitive damages against Lecompte should also be dismissed.

### 2. Plaintiff's § 1983 claim for damages pursuant to the theory of respondeat superior against Lecompte should be dismissed, but the state law claim should not be dismissed.

Plaintiffs allege Lecompte is vicariously liable for the actions of its officers through the theory of *respondeat superior*. Lecompte contends there is no *respondeat superior* liability under § 1983, and that the Court should dismiss Plaintiffs' allegation that it should be held "solidarily liable" with Clayton and Ducote for their "conspiracy" to violate Plaintiffs' constitutional rights.

The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. § 1983. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). In *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 689 (1978), the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of § 1983, and that, since there is no respondeat superior liability under § 1983, a municipality may not be held liable under § 1983 solely because it employs a tortfeasor.

4

Accordingly, Plaintiffs' § 1983 claim for vicarious liability against Lecompte should be dismissed.

Louisiana state law imposes vicarious liability on a municipality for a false arrest or imprisonment by its police officers. *See Matthews v. City of Alexandria*, 2014 WL 6977942, at *3 (W.D. La. 2014). "Pursuant to La. C.C. art. 2320, employers are answerable for the damage occasioned by their employees 'in the exercise of the functions in which they are employed.' For an employer to be held liable under Article 2320, 'the plaintiff must show that (1) a master-servant relationship existed between the tortfeasor and the employer, and (2) the tortious act of the tortfeasor was committed within the scope and during the course of his employment with the employer.'" *Reed v. Ross*, 2019-616 (La. App. 3 Cir. 2/27/20), 297 So.3d 29 (*citing Hughes v. Goodreau*, 01-2107 (La. App. 1 Cir. 12/31/02), 836 So.2d 649, 656, *writ denied*, 03-232 (La. 4/21/03), 841 So. 2d 793); *see also Conner v. Lemelle*, 2019-843 (La. App. 3d Cir. 5/13/20), 298 So.3d 361, 365-66.[4]

Therefore, Defendant's Motion to Dismiss Plaintiffs' vicarious liability claims against Lecompte under Louisiana state law should not be granted.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 14) Plaintiffs' claims for punitive damages against Lecompte under both § 1983 and state law should be GRANTED, and those claims should be DISMISSED WITH PREJUDICE.

---

[4] Defendants argue that solidary liability was abolished under La. Civ. C. arts. 2323 and 2324, but did not discuss vicarious liability under article 2320.

IT IS ALSO RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 14) Plaintiffs' § 1983 claim against Lecompte for damages pursuant to respondeat superior liability be GRANTED, and that the claim be DISMISSED WITH PREJUDICE.

IT IS ALSO RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 14) Plaintiffs' state law claim against Lecompte for damages pursuant to respondeat superior liability be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, September 24, 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge