b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JESSICA E. STEWART, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:19-CV-01343 |
| VERSUS | JUDGE DRELL |
| CITIY OF LECOMPTE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are a Motion to Dismiss filed by Defendants Antony Clayton ("Clayton") and Ross Ducote ("Ducote") (ECF No. 39), and a Motion to Amend filed by Plaintiffs (ECF No. 43). Because Defendants attached unauthenticated documentary evidence, outside the pleadings, to their Motion to Dismiss and because their Motion was otherwise unfounded, the Motion to Dismiss filed by Clayton and Ducote (ECF No. 39) should be DENIED.

I. Background.

Plaintiffs Jessica E. Stewart ("Stewart") and Mary P. McDaniel ("McDaniel") filed this civil rights action pursuant to 28 U.S.C. § 1983 and Louisiana state law, *in forma pauperis,* for false arrest, false imprisonment, and illegal seizure of property. ECF Nos. 1 & 33.[1] The named Defendants are the Town of Lecompte ("Lecompte"), Ducote and Clayton. Ducote and Clayton are employed by the Lecompte Police

---

[1] Plaintiffs filed an Amended Complaint to replace Defendants Officers John Does #1 and #2 with Clayton and Ducote. ECF No. 33.

Department and are named in both their individual and official capacities. Plaintiffs seek monetary damages, costs, and attorney's fees.

Plaintiffs allege six claims: (1) search and seizure in violation of the Fourth Amendment; (2) Lecompte's municipal/supervisory liability for a policy or custom that resulted in a violation of Plaintiffs' constitutional right; (3) conspiracy to violate Plaintiffs' constitutional rights and cover up the wrongful acts; (4) violations of Louisiana state law; (5) Lecompte's negligent hiring and retention of employees in the Lecompte Police Department; and (6) Lecompte's *respondeat superior* liability for the actions of Clayton and Ducote.

Defendants Ducote and Clayton filed a Motion to Dismiss Plaintiffs' claims for false arrest and illegal seizure of the vehicle, pursuant to Fed. R. Civ. P. rule 12(b)(6).[2]  ECF Nos. 39, 42.  Alternatively, Ducote and Clayton move to dismiss Plaintiffs' state law claims, and *respondeat superior* claims.  ECF No. 39, 42. Plaintiffs oppose that motion.  ECF No. 41.

II. <u>Law and Analysis.</u>

    A. <u>Standards governing the Motion to Dismiss pursuant to 12(b)(6).</u>

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (*quoting* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678

---

[2] A hearing was held on July 21, 2020.  ECF Nos. 49, 50.

(2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (U.S. 2009). The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

### B. Defendants' Motion to Dismiss (ECF No. 39) Plaintiffs' claims for false arrest and illegal seizure is denied.

In their Motion to Dismiss, Defendants contend Stewart's action for false arrest is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and dispute McDaniel's claims that they illegally seized her vehicle. Alternatively, Defendants argue Plaintiffs' claims are actually against Lecompte and, therefore, the claims against Defendants individually should be dismissed. Finally, Defendants argue they are entitled to qualified immunity.

#### 1. Defendants' evidence should not be considered and their Motion to Dismiss pursuant to *Heck* should be denied.

Defendants contend Stewart's action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),[3] and dispute McDaniel's claims that they illegally seized her vehicle. Defendants attached documentary evidence to their Motion to Dismiss–

---

[3] *Heck* bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *See Heck,* 512 U.S. at 486-87. Thus, unless his conviction has been overturned, a plaintiff cannot bring a § 1983 claim if prevailing on that claim would imply that his conviction was invalid. *See id.; see also Boyd v. Biggers*, 31 F.3d 279, 282 (5th Cir. 1994). A §1983 action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *See Boyd*, 31 F.3d at 282.

Stewart's traffic ticket and the minutes of the court proceedings on that ticket. ECF No. 39-3, 4. Plaintiffs' response includes an uncertified offense report from the Lecompte Police Department. ECF No. 41-1.

Normally, in accordance with Fed. R. Civ. P. rule 12(b), the Court would consider the Motion as a Motion for Summary Judgment because it is accompanied by documentary evidence outside the pleadings, and order further briefing and evidence in accordance with Fed. R. Civ. P. 12(d) and 56. However, in this instance, the Court will not consider the evidence because it is not authenticated.[4]

Accordingly, because Defendants' Motion to Dismiss Plaintiffs' claims (ECF No. 39) relies on evidence outside the leadings, it is DENIED. If they want to pursue this argument, Defendants may file a motion for summary judgment.

2. **Defendants' Motion to Dismiss the individual capacity claims against Clayton and Ducote should be denied.**

Defendants Clayton and Ducote contend Plaintiffs' action is really just an "official capacity" suit and that the individual claims against them should be dismissed. Defendants also argue that the Amended Complaint "deleted" all individual capacity claims.

The "Amended Complaint" is actually a supplemental complaint. The "Amended Complaint" (ECF No. 33) states at the beginning that its intent is to replace the "John Doe" officer Defendants with the names of Clayton and Ducote. ECF No. 33 at ¶1, ¶3(B). Plaintiffs expressly incorporated their original Complaint

---

[4] The copies of the court minutes and, the traffic ticket are not certified or otherwise authenticated.

4

into the Amended Complaint. ECF No. 33 at ¶3(C). Therefore, Plaintiffs did not "delete" their claims against Clayton and Ducote in their individual capacities.

Defendants also contend the Plaintiffs' state law claims and requests for *respondeat superior* liability indicate this is really an official capacity suit. However, Plaintiffs expressly sued Clayton and Ducote in both their individual and official capacities. ECF No. 33 at ¶3(B).

It is well-settled the performance of official duties creates two potential liabilities: individual-capacity liability for the person and official-capacity liability for the municipality. See *Young v. Akal*, 985 F.Supp.2d 785, 795 (W.D. La. 2013) (citing *Turner v. Houma Mun. Fire and Police Civil Serv. Bd.,* 229 F.3d 478, 484 (5th Cir. 2000). Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also New Orleans Towing Association v. Foster*, 248 F.3d 1143, at *3 (5th Cir. 2001) (quoting *Hafer v. Melo,* 502 U.S. 21, 25 (1991). On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. See *Kentucky*, 473 U.S. at 166.

Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." See *Kentucky,* 473 U.S. at 165; see also *New Orleans Towing Association*, 248 F.3d at *3 (*quoting Hafer,* 502 U.S. at 25). In an official-capacity action, a governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the

5

deprivation. Thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. *See Kentucky*, 473 U.S. at 166. A governmental entity or municipality, as well as officers thereof acting in their official capacity, can be held liable under § 1983 only if an official policy or custom caused the deprivation of a constitutional right. *See Mitchell v. City of Jackson, Mississippi*, 481 F.Supp.2d 586, 592 (S.D. Miss.2006), *aff'd,* 223 Fed. Appx. 411 (5th Cir. 2007) (citing *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")).

Because Plaintiffs properly sued Clayton and Ducote in both their individual and official capacities for actions undertaken while acting in their official capacities, Defendants' Motion to Dismiss (ECF No. 39) the individual capacity claims against Clayton and Ducote should be denied.

### 3. Defendants Motion to Dismiss for qualified immunity should be denied.

Finally, Defendants contend the action should be dismissed because they are entitled to qualified immunity.

Again, Defendants' argument relies on evidence outside of the pleadings. Because that evidence is not authenticated, it is not considered. Defendants may

6

re-urge this argument in a properly supported motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and 56.

Defendants' Motion to Dismiss (ECF No. 39) for qualified immunity should be denied.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 39) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, September 25, 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge